FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 NOV 10  AM 10: 59

LORETTA G. WHYTE
         CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO. 00-366** |
| v. | * | **SECTION: "B"** |
| **JOHN RANDOLPH GANT** | * | |

\* \* \*

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

**NOW INTO COURT** comes the United States of America, appearing herein by and through the undersigned Assistant United States Attorney, who respectfully moves the Court to dismiss the defendant's motion to dismiss for lack of jurisdiction for the following reasons.

### STATEMENT OF THE CASE

On December 12, 2000, the defendant, John Randolph Gant ("Gant"), pled guilty to violating Title 18, United States Code, Section 2113(a) in the above-captioned case number and division. On April 25, 2001, the defendant was sentenced to serve 46 months imprisonment and three (3) years of supervised release following the completion of his term of imprisonment. A $100.00 special assessment fee was also ordered. Finally, the defendant was ordered to pay restitution in the amount of $8,820.00 to Hibernia National Bank. On March 12, 2004, Gant was released onto supervised release. From that point until today, Gant has failed to meet any condition of supervised release.

On October 6, 2004, the Court issued an arrest warrant based on gant's violations. On October 26, 2004, the government filed and served upon Gant a rule to show cause why his supervised release should not be granted. Following his arrest, Gant filed a motion to dismiss stating that the State of Louisiana is not a state as defined in Title 18 of the United States Code. Gant's claim is meritless and, accordingly, the government asks the Court to deny Gant's motion and to revoke his supervised release based on his numerous violations.

## LAW AND ARGUMENT

First, the State of Louisiana is not a party to this action, only the United Sates of America and Gant. Next, the Court clearly has the authority to place an individual onto supervised release following a term of imprisonment. See Title 18, United States Code, Section 3583. In the instant case, the Court, by statute, sentenced Gant to three (3) years of supervised release.

The Court also has the authority to modify and/or revoke a defendant's supervised release under this same statutory authority. In addition, Rule 32.1 of the Federal Rules of Criminal Procedure provides the vehicle for modification/revocation. Rule 32.1(b)(2), along with Title 18, United States Code, Section 3583, governs the revocation hearing and any resulting sentence. In the instant case, Gant faces up to three (3) years of imprisonment for his violations. Although the U.S.S.G. provides guideline ranges for violations of supervised release, these ranges are not binding on the Court and the Court has the discretion to sentence Gant to any term up to three (3) years minus any term of additional supervised release.[1]

---

[1] The government would like to highlight that Gant is a recidivist bank robber who did not comply and/or benefit from his first stint on supervised release in the late 1990's. There too, gant refused to even acknowledge the Court's inherent authority in governing and providing for supervised release.

2

WHEREFORE, the government prays that the Court deny Gant's motion to dismiss as it is clearly baseless.

        Respectfully submitted,

        JIM LETTEN
        UNITED STATES ATTORNEY

        _____
        MATTHEW M. COMAN
        Assistant United States Attorney
        Bar Roll No. 23613
        Hale Boggs Federal Building
        500 Poydras Street, Second Floor
        New Orleans, Louisiana 70130
        Telephone: (504) 680-3116

**CERTIFICATE OF SERVICE**
I certify that a copy of the foregoing has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid this _____ day of _____, 2004.

_____
Assistant United States Attorney